## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Brian W. Simpkins, Task Force Officer with the Drug Enforcement Administration, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Massachusetts State Police ("MSP") Trooper since 2006, and a Sergeant since October 2023. As a Trooper, I was initially assigned to patrol out of the Framingham, Sturbridge, and Boston Barracks, and then to the Community Action Team in the city of Boston working in a high crime area focusing on gang and drug activity.

2. Since July 2016, I have been assigned as a Task Force Officer ("TFO") to the Organized Crime Drug Enforcement Task Force ("OCDETF") Boston Strike Force, which is a strike force incorporating various law enforcement agencies, including the Drug Enforcement Administration ("DEA"), the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement Homeland Security Investigations ("HSI"), and the U.S. Marshals Service ("USMS"), among other agencies. As a DEA TFO, I am an investigative or law enforcement officer of a State, within the meaning of 18 U.S.C. §2510(7), who is empowered by law to conduct investigations for offenses enumerated in 18 U.S.C. §2516, which include violations of federal narcotics laws in violation of Title 21 of the United States Code.

3. I am a graduate of the Municipal Police Training Committee ("MPTC") Police Academy (9th Municipal Police Officers Class, Weymouth), and the Massachusetts State Police Academy (79th Recruit Training Troop, New Braintree). Prior to becoming a trooper, I was a

Canton Police Officer in a full and part-time capacity from 2001 to 2006. I have a Bachelor of Science degree in Criminal Justice from the Northeastern University. I have attended numerous narcotics investigation courses, including a two-week narcotics investigation training with the DEA, focusing on narcotics recognition, identification, and investigation.

4. During my time as a police officer and TFO, I have participated in numerous investigations and arrests involving violations of state and federal controlled substances laws, including Title 21, United States Code, Sections 841(a)(1) and 846. A number of those investigations resulted in arrests, indictments, and convictions for violations of drug laws and/or other criminal offenses, the seizure of drugs, money, and vehicles, and the forfeiture of personal property. I have participated in all aspects of drug investigations, including physical surveillance, surveillance of undercover transactions, the introduction of undercover agents, the execution of search warrants, the effecting of arrests, and debriefings of defendants, informants and witnesses who had personal knowledge regarding major narcotics trafficking organizations. I have also reviewed recorded conversations and telephone, financial, and drug records. Through my training and experience, I have become familiar with the manner in which illegal drugs are imported, transported, stored, and distributed, and the methods of payment for such drugs. I have also become familiar with the manner in which narcotics organizations utilize various forms of violence and intimidation in furtherance of their narcotics trafficking activity, to protect their operations, members, narcotics, and narcotics proceeds.

5. Based on my training and experience, I am aware that drug traffickers commonly use cellular telephones to communicate and further their drug-trafficking activities. However, drug traffickers are aware of law enforcement's use of electronic surveillance, and thus frequently endeavor to thwart detection by changing cellular telephone numbers, using multiple cellular

phones at the same time, and/or utilizing prepaid cellular phones where the user of the phone is not required to provide personal identifying information. I am also aware that drug traffickers frequently "drop" or change cellular telephone numbers and cellular telephones in an effort to thwart law enforcement's use of electronic surveillance. I am familiar with the manner in which drug traffickers use coded, veiled, or slang-filled telephone conversations when discussing their illegal business, in an effort to further prevent detection, and that they often use text messages in lieu of telephone calls to avoid speaking over the telephone.

### PURPOSE OF AFFIDAVIT

6. I submit this affidavit in support of a criminal complaint against Leudis Rafael Rivera Carmona ("RIVERA"), charging that on June 6, 2024, the defendant possessed with intent to distribute controlled substances, in violation of 21 U.S.C. §841 (the "Target Offense").

7. The facts in this affidavit come from my personal observations and information obtained from other agents, investigators, and witnesses. My interpretations of conversations, conduct, and events detailed herein are based on my training and experience and knowledge of the investigation. This affidavit is intended to show that there is probable cause for the requested complaint and does not set forth all my knowledge about this matter. All times herein are approximate.

### Procedural History

8. On June 5, 2024, the Honorable M. Page Kelley, United States Magistrate Judge, District of Massachusetts, issued a search warrant authorizing investigators to search 17 Winter Street, Apartment 17, in Dorchester, Massachusetts ("17 Winter Street"), which is the residence of RIVERA [Dkt. No. 24-MJ-6417-MPK]. The affidavit in support of the warrant is attached hereto (Exhibit 1) and incorporated herein.

**Probable Cause**

9. On June 6, 2024, investigators executed the search warrant at 17 Winter Street. Investigators knocked and announced several times before having to make forced entry. Investigators encountered a male, believed to be RIVERA's brother, who asked to see the search warrant and appeared to be stalling the investigators from entering. Once inside the two-bedroom apartment, investigators encountered a female in the bedroom belonging to RIVERA. The female stated she was RIVERA's girlfriend, and eventually admitted that RIVERA had fled out of the bedroom window. Footage from an outside security camera at 17 Winter Street captured an image of RIVERA fleeing barefoot and only wearing underwear. Investigators are continuing to search for RIVERA.

10. Inside RIVERA's bedroom in plain view, investigators saw what appeared to be controlled substances. Under the mattress, investigators recovered a loaded Glock handgun and an extended magazine, which was loaded with approximately 30 rounds of ammunition. In the closet, investigators recovered numerous shoeboxes containing assorted quantities of suspected controlled substances, some of which were packaged for sale, packaging materials, cutting agents, and multiple kilogram pressing equipment. Some of the suspected controlled substances field tested positive for cocaine and others for fentanyl. Under the bed, investigators recovered a money counter. A second handgun with ammunition was also recovered from a nightstand inside the bedroom.

11. Investigators recovered RIVERA's Dominican identification card. They also recovered a Puerto Rican birth certificate, a Pennsylvania driver's license bearing RIVERA's image, and a social security card all in a different name.

**CONCLUSION**

Based on the information set forth above, I believe probable cause exists to conclude that on June 6, 2024, RIVERA possessed with intent to distribute controlled substances, in violation of 21 U.S.C. §841.

I, Brian W. Simpkins, having signed this Affidavit under oath as to all assertions and allegations contained herein, state that its contents are true and correct to the best of my knowledge, information, and belief.

/s/ Brian W. Simpkins
_____
BRIAN W. SIMPKINS
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Sworn before me by telephone in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 this ___th day of June 2024.   June 6, 2024

_____
HONORABLE M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS

5